UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CODY S. HOWARD                                                                                           PLAINTIFF

V.                                      No. 4:23-CV-120-JM-JTR

DOES, Classification Personnel,
Administrative Personnel, Pulaski
County Regional Detention Facility                                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.     Introduction

On February 10, 2023, Plaintiff Cody S. Howard ("Howard"), a pretrial detainee in the Pulaski County Detention Facility ("PCDF"), filed a *pro se* § 1983 Complaint alleging that "All Classification Personnel" and "All Administrative Personnel" in PCDF violated his constitutional rights by refusing his request to stay

in protective custody. *Doc. 2*. He has since filed an Amended Complaint and a Supplemental Complaint. *Doc. 7; Doc. 8*. Before Howard may proceed with this action, the Court must screen his claims.[1]

## II.   Discussion

### A.   Failure-to-Protect Claim

Under the Due Process Clause of the Fourteenth Amendment, detention facility officials are required to "provide humane conditions of confinement by taking reasonable steps to protect [pretrial detainees] from assault by other inmates." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (internal quotation marks omitted).

In his Complaint, Amended Complaint, and Supplemental Complaint,[2] Howard alleges that, on January 11, 2023, Officer T. Williams moved him from protective custody to general population "without [him] requesting to be taken off protective custody." *Doc. 2 at 3; Doc. 7 at 4; Doc. 8 at 1*. Howard states that he is

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] The Court has construed these documents, together, as constituting Howard's claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

"afraid for his life" but provides no additional explanation for why he believes he "needs protection." *Id.* At a February 15, 2023 meeting, the PCDF Classification Board did *not* recommend Howard for protective custody. *Doc. 7 at 6.*

Because Howard does not allege that he has suffered any harm, it appears Howard is attempting to bring a failure-to-protect claim based on a *future* threat of harm. In order to bring such a claim, Howard must allege facts demonstrating that: (1) "he [is] incarcerated under conditions posing a substantial risk of serious harm" and (2) Defendants are aware of the "substantial risk of serious harm" but have failed to take reasonable steps to protect him from that harm. *Cf. Helling v. McKinney,* 509 U.S. 25, 33 (1993) (holding that the Eighth Amendment protects against future harm to inmates); *Schoelch*, 625 F.3d at 1046–47 (noting that detention officials' duty to protect pretrial detainees under the Fourteenth Amendment is comparable to the duty prison officials owe to convicted prisoners under the Eighth Amendment).

Howard's pleadings fail to state a claim for relief. First, Howard does not explain *how* the conditions in the general population PCDF barracks create a "substantial risk" of harm to him. His vague allegations that he is "afraid for his life" and "needs protection" fail to carry his burden. Because Howard has failed to identify any "substantial risk of harm," he necessarily fails to allege that Defendants are aware of that risk and have failed to take reasonable steps to protect him.

Taking all facts as true and viewing them in a light most favorable to Howard, he fails to allege *any* facts demonstrating that Defendants are unreasonably failing to protect him from a substantial risk of serious harm.

### B. "Restricted Communication," Harassment, and Other Unsupported Claims

Howard alleges that, since requesting to be kept in protective custody, detention officials have restricted his "lines of communication," and threaten and harassed him. *Doc. 2 at 3; Doc. 7 at 4*. Howard also generally alleges that his Equal Protection rights and the "1st, 2nd, 3rd, 4th, 5th, 6th...[and] 15th Amendments" are being violated. *Doc. 2 at 3; Doc. 7 at 4; Doc. 8 at 1*.

These allegations are bald assertions unsupported by *any* factual elaboration. Accordingly, these entirely conclusory allegations are insufficient to state an equal protection claim and should therefore be dismissed, without prejudice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of general verbal harassment were not actionable under § 1983).

4

## III.   Conclusion

Howard's Complaint fails to contain sufficient factual matter to state a viable § 1983 claim and should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Howard's Complaint, Amended Complaint, and Supplemental Complaint (*Doc. 2; Doc. 7; Doc. 8*) be DISMISSED, without prejudice.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 1st day of May, 2023.

_____
UNITED STATES MAGISTRATE JUDGE